(129 So. 711)

### JOLLY et al. v. WILLIAMS.

### 8 Div. 904.

Court of Appeals of Alabama.

Aug. 19, 1930.

Jas. C. Roberts, of Florence, for appellants.

Bradshaw & Barnett, of Florence, for appellee.

BRICKEN, P. J.

Appellants, as partners, doing business under the name of Florence Marble Works,

brought this suit against appellee claiming of him $100 due on an account growing out of a contract by virtue of which contract appellants claim they sold and delivered through their agent, one Shedd, a monument to appellee. In answer to the complaint, defendant below, appellee here, pleaded the general issue, and also that the amount claimed was paid in full before the commencement of this suit. The cause was tried by jury and adjudication of the case rested upon the plea of payment.

We pretermit discussion of appellee's objections and criticisms of appellants' brief, as not being necessary to a decision of the case.

A single question of fact only was involved upon the trial in the court below, to wit, whether or not Shedd, appellants' agent, was authorized by his principal to receive payment of the amount in question in merchandise. It was uncontroverted that Shedd, as agent of plaintiffs, was authorized to collect for the monument. Plaintiff Jolly testified to this fact himself. On the question in dispute the agent Shedd and his wife, Mrs. Shedd, testified that he was authorized by plaintiffs to receive from defendant the amount due upon the contract in merchandise. One of the members of appellant firm testified to the contrary, and thus the conflict in the evidence is on this question only. This conflict, however, was sufficient to render inapt the affirmative charge and appellants' insistence in this connection cannot be sustained.

The rulings of the court, to which exceptions were reserved, and made the basis of assignments of error 1, 2, and 3, were without error under the issue formulated by plea 2. Appellants insist under the statute of frauds the inquiry in this connection was illegal, inadmissible, and irrelevant. The statute of frauds has no application to the controverted question in this case. As stated, the undisputed evidence disclosed that witness Shedd was the duly authorized agent of appellant to sell monuments, *and to collect therefor*. We know of no inhibition which would prevent appellant the owner of the contract to authorize its agent and representative to accept as payment of the amount due thereon merchandise or other things of value in lieu of cash. Here, the question in dispute was whether he did so authorize his agent Shedd to make this character of settlement. The jury by its verdict so found, and judgment was accordingly entered. In the absence of reversible error, said judgment is affirmed.

Affirmed.